UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

JAMES EDWARD WILLIAMS,

        Petitioner,

v.                                                        Case No. 5:03-cv-415-Oc-10GRJ

WARDEN, FCC COLEMAN - USP,

        Respondent.

**ORDER OF DISMISSAL**

      This case is before the Court upon the filing of a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.  The Petitioner is a federal prisoner at the Coleman Federal Correctional Complex, challenging a conviction and sentence imposed in the United States District Court for the Eastern District of North Carolina.

      In the Petition, the Petitioner attacks the validity of his conviction and sentence rather than the means of execution.  Petitioner has twice unsuccessfully pursued relief under 28 U.S.C. § 2255 in the sentencing court.  Thus, it is clear that Petitioner is now pursuing relief in this Court under § 2241 because filing a motion under § 2255 would be barred as a successive petition.  See 28 U.S.C. § 2255.  However, under these circumstances Petitioner is expressly precluded by § 2255 from pursuing any remedies under § 2241.  Section 2255 states that an application such

as this "shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court denied him relief[.]"

Petitioner argues that his claims are based on Apprendi v. New Jersey, 530 U.S. 466 (2000), Blakely v. Washington, 542 U.S. 296 (2004), and United States v. Booker, ___ U.S. ___, 125 S.Ct. 738 (2005), that the evidence was insufficient to convict him, that the prosecutor engaged in misconduct, and that he was denied the effective assistance of counsel. To the extent that the Petition may be liberally construed as suggesting that Petitioner is entitled to relief under the § 2255 "savings clause,"[1] his arguments are unavailing. It is the law of this circuit that an Apprendi - Blakely - Booker claim is unavailable retroactively to cases pending on collateral review, and a successful savings-clause claim must be based on a retroactively applicable Supreme Court decision.[2] Petitioner has identified no other applicable Supreme Court decision that would open the door to relief under the savings clause. Accordingly, the Petition is **DISMISSED with prejudice** and the Clerk is directed to

---

[1] The § 2255 savings clause permits relief to be sought under § 2241 if it "appears that the remedy by motion [under § 2255] is inadequate or ineffective to test the legality of [the applicant's] detention."

[2] See Varela v. United States, 400 F.3d 864 (11th Cir. 2005); Wofford v. Scott, 177 F.3d 1236, 1238 (11th Cir. 1999).

enter judgment and close this case.

**IT IS SO ORDERED.**

**DONE AND ORDERED** at Ocala, Florida, this 25th day of October 2005.

_____
UNITED STATES DISTRICT JUDGE

c: James Edward Williams